Filed 10/29/20  P. v. LaFrance CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>RASHARD HART LaFRANCE,<br><br>          Defendant and Appellant. | A160527<br><br>(Mendocino County<br>Super. Ct. No. SCUK-CRCR-17-90273) |

Defendant pled nolo contendere to second degree robbery.  The trial court suspended imposition of sentence and placed defendant on supervised probation with a condition requiring him to spend 200 days in custody with credits of 200 days and various fines and fees.  Following a series of probation revocations and reinstatements, the trial court revoked and terminated probation imposing a three-year state prison sentence.  We affirm the trial court's imposition of the state prison sentence.

### BACKGROUND

A complaint was filed by the Mendocino County District Attorney charging defendant with one count of first degree robbery (Pen. Code,[1] §§ 211, 212.5, subd. (a)) with an allegation he was armed with a firearm (§ 12022,

---

[1] All statutory references are to the Penal Code, unless otherwise indicated.

subd. (a)(1)).[2]  It was alleged that defendant and Donovan Emmanuel Saari, while inside an inhabited dwelling, took personal property from two individuals by force or fear.  After the People amended the robbery count to allege second degree robbery (§§ 211, 212.5, subd. (c)), with a no state prison agreement, defendant pled nolo contendere to that charge on August 17, 2017.  The court, however, informed defendant that if he violated the terms of probation, he could serve up to five years in custody.  The court subsequently suspended imposition of sentence and placed defendant on three years' formal probation with custody credits of 200 days and various fines and fees.

A petition to revoke probation was filed in May 2018, alleging defendant committed "Domestic Disturbance, Imprisonment, and Battery" in Louisiana, and after being ordered to return to California by Probation Officer Casey Giammona, he failed to appear at the probation office for his mandatory appointment.

On June 6, 2018, the trial court held a probation violation hearing at which Giammona and defendant testified.  At the conclusion of the hearing, the court found defendant had violated his probation when he failed to keep his appointment with his probation officer on May 1, 2018.  On June 15, the court found defendant was in violation of his probation, revoked and reinstated probation, imposed a sentence of 43 days in the county jail with credit for time served of 43 days, and executed a $300 probation revocation restitution fine pursuant to section 1202.44.  The court then ordered defendant's release from custody.

---

[2] A codefendant, Donovan Emmanuel Saari, who is not the subject of this appeal, was charged with first degree robbery and reckless driving while evading a peace officer in violation of Vehicle Code section 2800.2, subdivision (a).  We upheld his conviction in a prior opinion.

A second petition to revoke probation was filed on October 31, 2018, alleging defendant tested positive for marijuana on three separate occasions in September, failed to attend a scheduled meeting at probation, failed to make any payments toward his court-ordered fines and fees, and failed to show proof of enrollment or completion of his court-ordered 100 hours of community service. Thereafter, on November 13, 2018, defendant failed to appear for his probation violation arraignment, and the court issued a no-bail bench warrant.

On March 13, 2020, the probation department filed an amended second petition alleging a violation of probation. In addition to the prior allegations, it was alleged defendant failed to appear for the mandatory November 13, 2018 court appearance; on January 26, 2019, defendant violated a Louisiana statute ("F—First degree injuring public records"); and in August 2019, he was sentenced to three years in state prison in Louisiana.

On April 21, 2020, defendant admitted he provided three separate positive tests for marijuana, had not made any payment towards the court-ordered fees and fines, failed to provide proof of enrollment or completion of 100 hours of community service, and violated a Louisiana felony law.

Defendant's probation was revoked and terminated on May 21, 2020. The court weighed the mitigating and aggravating factors, ultimately imposing the midterm of three years in state prison. The court permanently stayed the imposition of the $300 restitution fine under section 1202.4, subdivision (b), waived the court operations assessment under section 1465.8 and the criminal conviction assessment under Government Code section 70373, and imposed a $41 fine under section 1202.5. Actual restitution was reserved. Because there was a dispute over whether defendant was entitled to additional custody credits for the incarceration

3

time in Louisiana, the court continued the matter for a hearing on the disputed credits.

Following several continuances, the court held a short hearing regarding custody credits in July 2020. Defendant's counsel agreed that the court could impose the custody credits stated in the probation "credit memo." Counsel reiterated the issue was whether defendant was entitled to credits from Louisiana, but indicated, "it's something that's fact-driven as far as whether he would get time that's attributed to another case. And that's something that I can handle. Even if the case is on appeal, I can bring it back here when I get the facts that I need that would perhaps establish that he would get those credits from Louisiana." While maintaining her objection to defendant not receiving credits for his Louisiana prison time, counsel nonetheless submitted the credits issue to the court. The court gave defendant credits of 284 actual and 42 conduct, for a total of 326 days.

Defendant filed a timely notice of appeal from his May 21, 2020 three-year state prison sentence and "other matters occurring after the plea that do not affect the validity of the plea."

## DISCUSSION

Defendant's appellate counsel has filed a brief setting forth the background of the case but advising the court under the authority of *People v. Wende* (1979) 25 Cal.3d 436, no issues were found to argue on defendant's behalf. Defendant has been notified by counsel he had 30 days to file a supplemental brief with this court. No supplemental brief has been received.

4

Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we have examined the entire record ourselves to see if any arguable issue is present. We have found none.[3]

Defendant has appealed from the imposition of the three-year state prison sentence. Considering defendant's abysmal performance on probation as discussed above, the trial court had ample reasons for revoking probation. As to the original robbery offense, before imposing the midterm sentence of three years, the trial court weighed the mitigating and aggravating factors. And nothing in the record demonstrates any abuse of discretion in denying probation and imposing a state prison sentence. We have also found nothing in the record regarding the facts underlying the Louisiana conviction. Defendant has thus failed to demonstrate he is entitled to any custody credits as a result of his Louisiana incarceration.

Defendant was ably represented by counsel throughout the proceedings.

We therefore agree with defendant's counsel that no issues are present undermining defendant's plea of nolo contendere or the sentence.

## DISPOSITION

Accordingly, the judgment is affirmed.

---

[3] Defendant's counsel filed a request for certificate of probable cause which was never addressed by the trial court. However, we have reviewed the record of defendant's plea of nolo contendere and find defendant was fully apprised of the constitutional rights he was waiving and the consequences of his plea, and entered his plea freely and voluntarily.

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

SANCHEZ, J.

A160527
*People v. LaFrance*